# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| FRANK PARKER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH and SUSANNE GUSTIN,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-1127-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] At the outset, the court notes that Frank Parker ("Plaintiff") has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP statute").[2] Before the court are Plaintiff's motion for service of process,[3] motion for appointment of counsel,[4] and motion to accept a supplementary pleading in support of his complaint.[5]

The court first addresses Plaintiff's motion for service of process. When a case is proceeding under the IFP statute, the officers of the court are required to issue and serve all

---

[1] *See* docket no. 8.

[2] *See* docket nos. 1, 2.

[3] *See* docket no. 4.

[4] *See* docket no. 5.

[5] *See* docket no. 6.

process and perform all duties related to service of process. *See* 28 U.S.C. § 1915(d). At the same time, the IFP statute allows the court to screen the complaint in such a case to determine whether it should be served upon the named defendants or dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). In this case, the court has not yet completed that screening process and, consequently, has not yet made a determination about whether Plaintiff's complaint in this case should indeed be served on the named defendants. For that reason, Plaintiff's motion for service of process is unnecessary and, accordingly, is denied. As indicated above, the court will screen Plaintiff's complaint and determine whether it should be served on the named defendants. It is unnecessary for Plaintiff to take any action to trigger that process.

The court turns next to Plaintiff's motion for appointment of counsel. "The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). Although "[t]here is no constitutional right to appointed counsel in a civil case," *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam), the court may appoint an attorney to represent a litigant who is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). When deciding whether to appoint counsel, the court must consider certain factors, "including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quotations and citations omitted).

The court turns to considering those factors in this case. First, the merits of Plaintiff's claims are unclear at this point because the court has not yet completed the above-referenced

2

screening process.  Second, concerning Plaintiff's ability to present his claims, there is no indication that he is incapacitated or unable to pursue this case adequately.  Finally, with respect to the complexity of this case, the court has determined that the factual and legal issues raised by Plaintiff's complaint do not appear to be complicated or difficult to explain.  Further, at this stage of Plaintiff's case, the court is concerned only with the sufficiency of Plaintiff's allegations, and the court does not believe that appointed counsel would materially assist Plaintiff in describing the facts surrounding his alleged injuries.  *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury").  For these reasons, Plaintiff's motion for appointment of counsel is denied at this time.  If it appears that counsel may be needed or of specific help after the case is fully screened, however, the court may then ask an attorney to appear pro bono on Plaintiff's behalf.

Finally, the court addresses Plaintiff's motion to accept a supplementary pleading in support of his complaint.  That motion is granted.  The court will consider Plaintiff's supplementary pleading along with his complaint.

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion for service of process[6] and motion for appointment of counsel[7] are **DENIED**.

---

[6] *See* docket no. 4.

[7] *See* docket no. 5.

2. Plaintiff's motion to accept a supplementary pleading in support of his complaint[8] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 21st day of December, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[8] *See* docket no. 6.