IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| FRANK PARKER,<br><br>           Plaintiff,<br><br>v.<br><br>THE STATE OF UTAH and SUSANNE GUSTIN,<br><br>           Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:11-cv-1127-CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

District Judge Clark Waddoups referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court are Frank Parker's ("Parker") motion for entry of a default certificate against Susanne Gustin's ("Gustin"),[2] Parker's motion to strike Gustin's motion to dismiss,[3] the State of Utah's ("State") motion to dismiss,[4] and Gustin's motion to dismiss.[5] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 8.

[2] *See* docket no. 21.

[3] *See* docket no. 23.

[4] *See* docket no. 11.

[5] *See* docket no. 18.

## BACKGROUND

The following background facts are taken from Parker's complaint or other documents that are subject to judicial notice.[6] Parker pleaded guilty to a sex offense in state court in 2004. Gustin represented Parker during those proceedings. On December 9, 2011, Parker filed his complaint in this case, in which Parker alleges claims for violations of 42 U.S.C. § 1983.[7] In the complaint, Parker asks this court to set aside the conviction and sentence he received as a result of pleading guilty to the above-referenced offense and to award him $5 million in general, special, and punitive damages. Parker also alleges that he received ineffective assistance of counsel from Gustin during the above-referenced state court proceedings.

On January 4, 2012, the State filed its motion to dismiss.[8] Gustin filed her original motion to dismiss on January 6, 2012,[9] followed by an amended motion to dismiss on January

---

[6] The court recognizes that rule 12(d) of the Federal Rules of Civil Procedure generally requires a court to treat a motion to dismiss as a motion for summary judgment when matters outside the complaint are considered. *See* Fed. R. Civ. P. 12(d). However, when the court considers documents that are subject to judicial notice, such as public court records, that does not require the court to treat a motion to dismiss as a motion for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004); *City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000).

[7] *See* docket no. 3.

[8] *See* docket no. 11.

[9] *See* docket no. 13.

30, 2012.[10]  On February 1, 2012, Parker filed his motion for entry of a default certificate against Gustin.  On February 7, 2012, Parker filed his motion to strike Gustin's motion to dismiss.

## LEGAL STANDARDS

The following legal standards govern the State's and Gustin's motions to dismiss, which seek dismissal of Parker's complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss under rule 12(b)(6), the court "accept[s] all well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff."  *Jordan-Arapahoe, LLP v. Bd. of County Comm'rs*, 633 F.3d 1022, 1025 (10th Cir. 2011).  At the same time, the court is not required to accept conclusory allegations without supporting facts.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the United States Supreme Court recognized that while the pleading standard contained in rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,'" it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. at 1949 (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[10] *See* docket no. 18.

>    reasonable inference that the defendant is liable for the misconduct
>    alleged.

*Id*. (quoting *Twombly*, 550 U.S. at 555, 557, 570) (alteration in original).

## ANALYSIS

The motions before the court are (1) Parker's motion for entry of a default certificate against Gustin and motion to strike Gustin's motion to dismiss, (2) the State's motion to dismiss, and (3) Gustin's motion to dismiss. The court will address the motions in that order.

### I. Parker's Motion for Entry of a Default Certificate Against Gustin and Motion to Strike Gustin's Motion to Dismiss

Before reaching the State's and Gustin's motions to dismiss, the court will address Parker's motion for entry of a default certificate against Gustin and motion to strike Gustin's motion to dismiss. Both motions are predicated on Parker's assertion that Gustin failed to file a timely response to Parker's complaint. That argument is without merit.

Parker asserts that he served Gustin with a summons and the complaint on December 19, 2011. Gustin filed her first motion to dismiss on January 6, 2012, which was within the time allowed for responding to Parker's complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). A timely motion to dismiss is an authorized and appropriate responsive pleading under the Federal Rules of Civil Procedure and precludes entry of default. Because Gustin's first motion to dismiss was a timely response to Parker's complaint, entry of a default certificate against Gustin is not appropriate, and Gustin's motion to dismiss should not be stricken. Accordingly, Parker's motion for entry of a default certificate against Gustin and his motion to strike Gustin's motion to dismiss should both be denied.

## II.  State's Motion to Dismiss

In its motion to dismiss, the State first argues that Parker's claims against it should be dismissed because they are not cognizable under 42 U.S.C. § 1983.  The court agrees.

States retain their immunity from suit under federal statutes in state or federal court.  *See Alden v. Maine*, 527 U.S. 706, 712-13 (1999).  In addition, states, state subdivisions, and state officials acting in their official capacities are not "persons" within the meaning of § 1983.  *See Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Parker has sued the State under 42 U.S.C. § 1983 and seeks $5 million in money damages.  The State is immune from such a lawsuit and cannot be sued under § 1983 as it is not a "person" within the meaning of that statutory provision.  *See Rose*, 496 U.S. at 365; *Will*, 491 U.S. at 71.

Second, the State argues that Parker's claims for ineffective assistance of counsel and to have his conviction and sentence set aside are without merit.  Again, the court agrees.  Parker's claim for relief essentially challenges the legality of his underlying conviction and sentence.  Such a claim must be made exclusively through a petition for writ of habeas corpus or post-conviction relief, first in the state courts, and then in the federal courts.  *See* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies prior to filing a federal habeas claim); Utah Code § 78B-9-104(1) (providing that a person convicted may file an action to vacate or modify the conviction or sentence on grounds that the conviction or sentence was unconstitutional or the petitioner had ineffective assistance of counsel).  A plaintiff may not file a civil rights complaint seeking to modify an underlying criminal judgment or for monetary

5

damages related to the underlying criminal judgment, unless the plaintiff proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement . . . .").

For the foregoing reasons, the court concludes that all of Parker's claims against the State fail as a matter of law. Accordingly, the State's motion to dismiss should be granted.

### III.  Gustin's Motion to Dismiss

In her motion to dismiss, Gustin presents several arguments. Parker failed to file a response to Gustin's motion. That alone is a basis for granting Gustin's motion to dismiss. *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court[] granting the motion without further notice."). Nevertheless, the court will address Gustin's arguments in turn.

First, Gustin presents an identical argument to the second argument presented by the State above. Above, the court agreed with that argument and concluded that Parker's claims for ineffective assistance of counsel and to have his conviction and sentence set aside must fail. The court reiterates that conclusion with respect to Gustin's arguments.

Second, Gustin argues that Parker's claims are time-barred under the relevant statute of limitations. Parker's civil rights claims are governed by Utah's four-year statute of limitations. *See Buck v. Utah Labor Comm'n*, 73 Fed. App'x 345, 348 (10th Cir. 2003); *Mismash v. Murray City*, 730 F.2d 1366, 1367 (10th Cir. 1984); *see also* Utah Code § 78B-2-307(3). Parker entered

his guilty plea in 2004, but did not commence this case until 2011, well past the four-year limitation period. Consequently, Parker's claims in this case are time-barred.

Finally, Gustin argues that Parker's civil rights claims against Gustin are not actionable because Gustin was not a state actor or acting under the color of state law at the time she represented Parker. In order to bring a § 1983 claim against Gustin, Parker must sufficiently allege that the purported deprivation of his civil rights was committed by a state actor, or, at minimum, under color of state law. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 928-32, 937 (1982). Parker's complaint fails to make sufficient allegations to that effect. Instead, Parker merely alleges that Gustin "was employed by the State of Utah as a 'Conflict Attorney' to represent" Parker.[11] Such a conclusory allegation is insufficient as a matter of law. Furthermore, while representing Parker, Gustin was actually adverse to the State and, therefore, was not acting under color of state law. *Polk v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). For these reasons, the court concludes that Parker has failed to provide sufficient allegations to establish that Gustin acted under color of state law. Accordingly, Parker's § 1983 claim against Gustin fails.

Based on the foregoing, the court concludes that Parker's claims against Gustin fail as a matter of law. Accordingly, Gustin's motion to dismiss should be granted.

---

[11] Docket no. 3.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1. Parker's motion for entry of a default certificate against Gustin[12] and motion to strike Gustin's motion to dismiss[13] be **DENIED**.

2. The State's motion to dismiss[14] be **GRANTED**.

3. Gustin's motion to dismiss[15] be **GRANTED**.

4. Parker's complaint in this case be **DISMISSED WITH PREJUDICE**.

* * * * *

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 25th day of April, 2012.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge

---

[12] See docket no. 21

[13] See docket no. 23.

[14] See docket no. 11.

[15] See docket no. 18.