IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FRANK PARKER,<br><br>            Plaintiff,<br><br>vs.<br><br>THE STATE OF UTAH and SUSANNE GUSTIN,<br><br>            Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br><br>Case No. 2:11-cv-1127 CW-PMW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Paul M. Warner |

      This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Paul M. Warner under 28 U.S.C. § 636(b)(1)(B). On April 25, 2012, Judge Warner issued a Report and Recommendation, recommending that defendants' respective motions to dismiss be granted. In response to that report, plaintiff Frank Parker filed an appeal to the Tenth Circuit Court of Appeals, which that Court dismissed for lack of jurisdiction because no final judgment had been entered by this court. Mr. Parker then filed an Objection to the Report and Recommendation on May 17, 2012. Although not requested to do so under DUCivR 72-3, both defendants then filed a response to the Objection on May 31, 2012.

      In its response, the State urges the court to disregard Mr. Parker's Objection because it was untimely. The court declines to do so. Mr. Parker is a *pro se* litigant. Although *pro se* litigants must adhere to the rules of civil procedure, Mr. Parker's appeal showed his intent to object to Judge Warner's report. The court therefore elects to address Mr. Parker's Objection.

      Mr. Parker contends default should have been entered against Ms. Gustin because she filed a motion to dismiss rather than an answer to his complaint. Under Rule 12 of the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss rather than an answer. When a defendant

elects to do so, Rule 12(a)(4) alters the time for filing an answer. Because Ms. Gustin timely filed a motion to dismiss, Judge Warner correctly found that entry of default under Rule 55 was inapplicable. Consequently, it was appropriate for him to address Ms. Gustin's motion to dismiss.

When addressing motions to dismiss, the court must accept as true all well-pleaded allegations in a Complaint. If one accepts Mr. Parker's allegations as true, he has raised serious questions about the effectiveness of his counsel. Judge Warner correctly states, however, that the State cannot be sued for monetary damages under 42 U.S.C. § 1983. Moreover, statutes of limitations due act as a bar to Mr. Parker's claims due to when the alleged ineffective assistance of counsel occurred. Thus, while Mr. Parker has stated serious allegations, the court lacks authority to hear his claims. For these reasons, the court hereby APPROVES AND ADOPTS Judge Warner's Report and Recommendation in its entirety. Accordingly, this case is dismissed. Each party shall bear one's own costs.

SO ORDERED this 25th day of July, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge