# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker                                              Douglas E. Cressler
Clerk of Court                    December 13, 2012                Chief Deputy Clerk

Mr. D. Mark Jones
United States District Court for the District of Utah
Office of the Clerk
350 South Main Street
150 Frank E. Moss U.S. Courthouse
Salt Lake City, UT 84101-0000

**RE:**   **12-4133, Parker v. State of Utah, et al**
          Dist/Ag docket: 2:11-CV-01127-CW

Dear Clerk:

Please be advised that the mandate for this case has issued today. Please file accordingly in the records of your court or agency.

Please contact this office if you have questions.

                                                Sincerely,

                                                *Elisabeth A. Shumaker*

                                                Elisabeth A. Shumaker
                                                Clerk of the Court

cc:     Andrew Graham Deiss
        Susanne Gustin-Furgis
        Kyle J. Kaiser
        Frank Parker
        Peggy E. Stone

EAS/at

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

November 21, 2012

Douglas E. Cressler
Chief Deputy Clerk

Mr. Frank Parker
9 Kelsey Avenue
Salt Lake City, UT 84111

**RE:**     **12-4133, Parker v. State of Utah, et al**
Dist/Ag docket: 2:11-CV-01127-CW

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc:     Andrew Graham Deiss
Susanne Gustin-Furgis
Kyle J. Kaiser
Peggy E. Stone

EAS/bv

Appellate Case: 12-4133     Document: 01018954883     Date Filed: 11/21/2012     Page: 1

FILED
United States Court of Appeals
Tenth Circuit

November 21, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

FRANK PARKER,

    Plaintiff-Appellee,

v.

STATE OF UTAH and SUSANNE GUSTIN,

    Defendant-Appellant.

No. 12-4133

(D. of Utah)

(D.C. No. 2:11-CV-01127-CW)

---

### ORDER AND JUDGMENT[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

    This civil rights action arises from a complaint Frank Parker brought against the State of Utah and the publicly appointed attorney who represented him in state criminal matters. Parker claims he received ineffective assistance of counsel during those criminal proceedings, leading to a guilty plea he now regrets. We construe Parker's filings liberally because he is proceeding pro se.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

*See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991). We nonetheless conclude that the district court correctly dismissed Parker's complaint. We therefore AFFIRM.

In 2003, the State of Utah charged Parker with misdemeanor counts of sexual abuse of a minor, patronizing a prostitute, and possession of drug paraphernalia, and a felony count of illegal possession/use of a controlled substance. The state appointed a private attorney, Susanne Gustin, to represent Parker.

According to Parker's § 1983 complaint, the state's case began to fall apart when it lost contact with the alleged sexual abuse victim. At that point, the state began threatening to pursue the felony drug charge under a three-strikes provision that authorized a prison sentence of five years to life. But the state offered to forgo that course if Parker would plead guilty to sexual abuse of a minor.

Parker says that Gustin strongly recommended taking the plea deal and in fact became "violently annoyed" when Parker continued to profess his innocence. R., Vol. 1, at 10. Parker then gave up his opposition and pleaded guilty in January 2004 to the sexual abuse charge.

Parker claims Gustin never informed him that a sexual abuse conviction would subject him to sex offender registration requirements for the rest of his life. Parker's complaint suggests that he first learned about his sex offender status sometime in prison. Parker has finished his prison sentence and is now

encountering the difficulties that registered sex offenders typically face, such as in obtaining employment and housing.

In December 2011, Parker filed a pro se complaint in the District of Utah, alleging that the State of Utah and Gustin violated his Sixth Amendment right to effective assistance of counsel. Parker's complaint claims $5 million in damages, mostly through lost earning capacity.

Both Gustin and the state timely filed motions to dismiss. A few weeks later, Gustin filed an "amended motion to dismiss." Parker claims he never received Gustin's original motion to dismiss, thus prompting him to move for entry of default and default judgment against her shortly after she filed her amended motion. The district court assigned all of these motions to a magistrate judge.

The magistrate judge recommended denying Parker's motion for entry of default given that Gustin had timely filed her motion to dismiss. The magistrate judge said nothing about Parker's claim that he never received the original motion to dismiss.

Concerning the motions to dismiss, the magistrate judge recommended granting them because: (1) federal law does not permit a convict to challenge the constitutionality of his conviction through § 1983; and (2) the limitations period on a § 1983 claim had long since run. The magistrate judge further recommended dismissing the State of Utah because the Eleventh Amendment immunizes states

from § 1983 lawsuits. Finally, the magistrate judge recommended dismissing Gustin because she did not act "under color of law" in her capacity as a state-appointed defense attorney.

Parker attempted to appeal the magistrate judge's report and recommendation directly to this court, but we dismissed that appeal for lack of a final judgment. *See* R., Vol. 1, at 172–73 (Order, *Parker v. Utah*, No. 12-4072 (10th Cir. May 14, 2012)).

Parker then filed objections to the report and recommendation with the district court. Although Parker's objections were untimely, the district court nonetheless considered them on their merits. Accepting Parker's allegations as true, the district court concluded that Parker had "raised serious questions about the effectiveness of his counsel." R., Vol. 1, at 200. However, the district court agreed with the magistrate judge's legal analysis. The court therefore adopted the report and recommendation in full and entered judgment accordingly, dismissing the case.

We need reach only the first basis for dismissal to affirm as to all defendants.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

> corpus. . . . Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (citations and footnote omitted).

Parker's ineffective assistance of counsel claim would, if successful, "necessarily imply the invalidity of his conviction or sentence." *Id*. But Parker does not allege that his conviction has been overturned, expunged, invalidated, or called into question through habeas corpus. To the contrary, he admits that he filed an unsuccessful post-conviction review proceeding in state court. There is no record of him ever filing a 28 U.S.C. § 2254 petition in federal court. Accordingly, the district court correctly concluded that his complaint must be dismissed.

As for the denial of Parker's motions for entry of default and default judgment, the district court did not abuse its discretion. The district court docket plainly shows that Gustin timely filed a motion to dismiss. There is simply no authority for the notion that the court should nonetheless enter default because the plaintiff never received a copy of that motion. Such a circumstance would certainly require the district court to ensure that the plaintiff was not prejudiced by failure to receive the motion, but our review of the record shows no prejudice here. Parker fully participated in the motion-to-dismiss proceedings and took

every available opportunity to argue his case, including through objections to the magistrate judge's report and recommendation—which the district court accepted despite their untimeliness. Accordingly, the district court committed no error in denying Parker's motion.

    For the reasons set forth above, we AFFIRM.

                                ENTERED FOR THE COURT

                                Timothy M. Tymkovich
                                Circuit Judge